IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Gordon P. Gallagher

Civil Action No. 26-cv-03819-GPG

JOBANPREET SINGH,

Petitioner,

v.

JUAN BALTAZAR, Warden, Denver Contract Detention Facility;
GEORGE VALDEZ, Director, ICE Denver Field Office;
DAVID J. VENTURELLA, Acting Director, Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary of the Department of Homeland Security;
TODD BLANCHE, Attorney General, United States Department of Justice, in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Opposed Emergency Motion to Enforce the Court's Order of August 28, 2026, and for Immediate Release (D. 11).

On September 18, 2026, the Court granted in part Petitioner's petition for a writ of habeas corpus and granted Petitioner "a bond hearing at which Respondents bear the burden of proof of showing Petitioner's continued detention is proper and was proper at the time of Petitioner's arrest. *See Batz Barreno*, 2025 WL 3190936, *3 (holding that the government must prove risk of flight by a preponderance of the evidence and must prove dangerousness to any other person or to the community by clear and convincing evidence)" (D. 10 at 3).

Petitioner had a bond redetermination hearing on September 3, 2026. The Immigration Judge (IJ), Meghan C. Buhl-Madsen, denied bond in a Memorandum of Bond Decision and Order

(Decision) based in part on a finding that Petitioner "may have very limited options to lawfully remain in the United States and the speculative likelihood that relief from removal would be granted substantially increase his flight risk because he has little incentive to appear for future immigration proceedings" (D. 12-1 at 2). On September 8, 2026, petitioner again sought relief, seeking release (D. 11).

Respondents, while "not conced[ing] that the Motion is meritorious," declined to submit a brief in opposition to Petitioner's motion, recognizing "that the Court may then decide to grant the Motion and award appropriate relief" (D. 14 at 1).

Accordingly, pursuant to this Court's inherent authority to enforce its August 28, 2026 Order and Respondents' failure to oppose Petitioner's motion or provide a basis for denial, it is ORDERED that Petitioner shall be released from custody within 48 hours, and Petitioner SHALL update this Court in writing upon his release. *See United States v. Yelloweagle*, 643 F.3d 1275, 1284 (10th Cir. 2011) ("This court . . . will not craft a party's arguments for him." (quoting *Perry v. Woodward*, 199 F.3d 1126, 1141 (10th Cir. 1999))); *Santucci v. Commandant, United States Disciplinary Barracks,* 66 F.4th 844, 851 n.9 (10th Cir. 2023) ("[U]nder the party-presentation principle, we, not only will not, but 'cannot make arguments for [a party].'" (quoting *Yelloweagle,* 643 F.3d at 1284))). Respondents may not impose additional or more onerous conditions on Petitioner than those that have previously been found appropriate by an IJ.

It is FURTHER ORDERED that Respondents are prohibited and enjoined from re-detaining Petitioner on the same grounds unless and until a final order of removal issues.

DATED September 23, 2026.

BY THE COURT:

Gordon P. Gallagher
United States District Judge